CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

September 24, 2018

Meghan Elizabeth McCulloch
Elville and Associates
9192 Red Branch Road Suite 300
Columbia, MD 21045

Lindsay Nicole Norris
Social Security Administration
Ofc. Of General Counsel
6401 Security Blvd.
Baltimore, MD 21235

   Subject: *Daemer v. Berryhill*[1]
       Civil No.: 1:17-CV-01724-GLS

Dear Counsel:

   Pending before this Court, by the parties' consent, are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. (ECF Nos. 17, 21). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED. I am affirming the SSA's judgment.

## I.  BACKGROUND

   Plaintiff filed a Title II Application for a period of disability and disability insurance benefits on October 11, 2013, alleging that disability beginning November 1, 2010. (Tr. 15). This claim was denied on January 10, 2014 with no reconsideration. *Id.* Plaintiff's written request for a hearing was granted on January 21, 2014, and the hearing was conducted on October 27, 2015 by Administrative Law Judge ("ALJ") William A. Kurlander. *Id.* A supplemental hearing was held on May 10, 2016. *Id.* On July 29, 2016, the ALJ found that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act from the alleged

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

onset date to the date last insured, June 30, 2016. (Tr. 34). The Appeals Council denied Plaintiff's request for review on May 25, 2017. (Tr. 1–3). The ALJ's opinion became the final and reviewable decision of the SSA on May 25, 2017. (Tr. 1).

In her Motion for Summary Judgment, Plaintiff asserts the following: 1) that the ALJ failed to account for the claimant's limitations in concentration, persistence, or pace when assessing her residual functional capacity ("RFC") at step 4 of the sequential evaluation process, and 2) that the ALJ failed to discuss what weight was given to the opinion of Emanual Schnepp, Ph.D., a State agency psychiatric consultant, in the ALJ's decision. (ECF No. 17 at 12). Defendant asserts in its Motion for Summary Judgment that substantial evidence exists to support the SSA's conclusion that the claimant was not disabled within the meaning of the Social Security Act from the alleged onset date to the date last insured. (ECF No. 21 at 5).

## II.  DISCUSSION

### A.  Residual Functional Capacity

When a claimant alleges mental impairments, the ALJ will look at the "paragraph B criteria" to assess how an alleged mental impairment limits the claimant's functioning. 20 C.F.R. Part 404 Subpart P, App. 1, § 12.00(2)(b). The criteria are: 1) understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* To satisfy the "paragraph B criteria", a claimant's mental disorder(s) must result in "extreme" limitation of one, or "marked" limitation of two of the four areas of mental functioning. *Id.* The Fourth Circuit held that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). The Fourth Circuit further explains that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*

### 1.  Plaintiff's Argument and Analysis

Plaintiff contends that the ALJ failed to account for the claimant's limitations in concentration, persistence, or pace by failing to find that Plaintiff had a limited ability to stay on task, which Plaintiff argues is inconsistent with the Fourth Circuit's holding in *Mascio*. (ECF No. 17 at 13). The Fourth Circuit in *Mascio* stated that because there was no explanation as to whether the plaintiff's limitation in concentration, persistence, or pace affects her ability to work, a remand was necessary, *Mascio*, 780 F.3d at 638. Here, the ALJ sufficiently examined whether Plaintiff's limitations affected her concentration, persistence, or pace. *See* Tr. 20. The ALJ found that Plaintiff exhibited at least some degree of concentration, persistence, and imagination based on her ability to look for work, her application for housing through some type of government program, her pursuit of enhanced visitation and custody of her children, her use of social media, a treating source's finding that she was capable of maintaining a therapy dog, and her caring for a dog for a friend. (Tr. 25). Further, a plaintiff's mental impairments concerning

concentration, persisting, or maintaining pace would have to be "extreme" to satisfy the paragraph B criteria. *See* 20 C.F.R. Part 404 Subpart P, App. 1, § 12.00(2)(b).

Here, Plaintiff makes no contention that her alleged mental impairments were "extreme," nor does Plaintiff claim that she had "marked" limitations in both concentration, persistence, or pace and another paragraph B area. (ECF No. 17 at 13–15). Unlike the ALJ in *Mascio*, the ALJ in this case properly accounted for claimant's limitations in determining her RFC and found that she was capable of successfully adjusting to unskilled, light work, which exists in significant numbers in the national economy. (Tr. 25–26).

## B. Weight of Medical Opinion

The SSA will give a treating source's medical opinion controlling weight, on the issue of the nature and severity of a claimant's impairment(s), if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2).[2] Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of a State agency medical or psychological consultant. *Id.* ALJs must consider, but are not bound by, any findings made by State agency medical or psychological consultants. 20 C.F.R. § 404.1527(c)(2)(ii) (2012). When an ALJ considers medical opinions, she or he will evaluate the findings using the following factors: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the medical opinion, how consistent a medical opinion is with the record as a whole, the specialization of the physician, and other factors brought to the SSA's attention. 20 C.F.R. § 404.1527(c).

Plaintiff argues that the ALJ failed to consider or assign what weight the ALJ would give to the opinion of Emanual Schnepp, Ph.D when assessing Plaintiff's RFC. (ECF No. 17 at 16). The ALJ's opinion contains no evaluation on Dr. Schnepp's opinion. (Tr. 17–27). Defendant suggests that the ALJ's omission is harmless, as it would not "warrant the inclusion of additional work related mental limitations in the finding for the [claimant's] RFC." (ECF No. 21 at 11).

### 1. Harmless Error Standard

The Supreme Court has held that the harmless-error standard applies equally to civil and administrative cases. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (establishing § 706 as an administrative law harmless error rule); *See also* 5 U.S.C. § 706 (stating that "the court shall review the whole record...and due account shall be taken of the rule of prejudicial error.")

The harmless error standard thus applies in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). To determine whether an error was harmless, the Court must look at the record as a whole to determine whether the error altered the outcome of the

---

[2] Note that 20 C.F.R. § 404.1527 only applies to the evaluation of disability claims filed prior to March 27, 2017, when the regulations were updated most recently.

case. *Id.* (finding that an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination."). That error can be considered harmless if the ALJ sufficiently explained his decision and if substantial evidence otherwise supported the ALJ's determination. *See Sharp v. Colvin*, 660 Fed. App'x 251, 252 (4th Cir. 2016) (holding that the ALJ's error in using his assessment of plaintiff's RFC when evaluating her credibility and the opinion of her treating physician was harmless because he sufficiently explained his decision regarding the weight he accorded the treating physician's opinion, and substantial evidence otherwise supported the ALJ's credibility determination). For SSA appeals, if this Court is unable to determine how the ALJ arrived at his conclusions on a plaintiff's ability to perform work related activity, then a remand is necessary. *Mascio*, 780 F.3d at 637 (holding that remand was proper because the ALJ failed to adequately explain how he arrived at plaintiff's RFC).

## 2. The ALJ's Findings

In the instant case, I find that failure to discuss Dr. Schnepp's opinion was harmless error, as the ALJ would have come to the same result if the opinion was discussed. This case is similar to *Tanner v. Commissioner of Social Sec.*, where the Fourth Circuit held that the ALJ's failure to expressly assign weight to a physical's Medical Source Statement was harmless because it is clear from the ALJ's RFC assessment that he accepted most of that physician's findings and the ALJ's treatment of the other opinion evidence was supported by substantial evidence. *Tanner v. Commissioner of Social Security*, 602 Fed. App'x 95, 100 (4th Cir. 2015). In this case, Dr. Schnepp's opinion seems consistent with the medical evidence and the ALJ's findings. (Tr. 22–27). Dr. Schnepp stated that the claimant is "able to maintain concentration and attention for reasonably extended periods of time and is capable of working within a schedule a consistent pace when performing routine and repetitive work," (ECF No. 17 at 16, ECF No. 21 at 11). Likewise, the ALJ found that Plaintiff did not have "marked" limitations with regard to concentration, persistence, and pace due to: (1) Plaintiff's normal mental state findings and (2) the claimant's self-assessment on Dr. Lilyana Reichenbach's mental impairment questionnaire, in which Plaintiff stated that she had no limitations in performing within a schedule and maintaining attendance. (Tr. 20, 23). I find that Dr. Schnepp's opinions support the ALJ's findings, so expressly discussing them would not have altered the outcome of this case. *See Tanner*, 602 Fed. App'x at 101 (finding remand solely because the ALJ failed to assigned weight to Dr. LeBlond's opinion "would be pointless.").

Because of the medical evidence in the record, the error in failing to discuss Dr. Schnepp's opinion was unlikely to alter the outcome of the case. In *Guest v. Colvin*, No. 15-00776, 2016 WL 4007612, at *6 (M.D.N.C. July 26, 2016), the court found that even if the ALJ included the state agency psychological consultants' social restrictions in his mental RFC determination, the ALJ still would have found that the plaintiff would be able to perform her past relevant work. Here, Dr. Schnepp's opinion suggests that the ALJ would still have found that the claimant here would still be able to perform unskilled, "light work." Dr. Schnepp's opinion does not seem to support a finding of "extreme" limitation in the area of concentration, persistence, or pace, as discussed in the previous section. (ECF No. 17 at 16, ECF No. 21 at 11). The ALJ sufficiently explained his findings, giving partial weight to a medical source statement

completed at the time of the consultative exam that was consistent with the claimant's RFC and giving significant weight to the claimant's Global Assessment of Functioning Level score of 55–60, which suggests moderate limitations. (Tr. 22, 21). Substantial evidence exists for the ALJ's conclusions, whether Dr. Schnepp's opinion is included or not. (Tr. 21–25). For the reasons discussed above, this Court finds that the ALJ's failure to discuss Dr. Schnepp's opinions constituted harmless error and a reversal or remand here is not proper.

## 3. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 17), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 21), is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is affirmed. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/

The Honorable Gina L. Simms
United States Magistrate Judge